UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SLOAN McNEES,

    Petitioner,

v.

BONITA HOFFNER,

    Respondent.

_____/

Case No. 1:12-cv-528

HON. JANET T. NEFF

**OPINION AND ORDER**

    This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) recommending that this Court deny the petition. The matter is presently before the Court on Petitioner's objections (Pet'r Obj., Dkt 30) and Petitioner's supplemental objections (Pet'r Supp'l Obj., Dkt 31) to the R & R. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the R & R to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

    Petitioner was convicted by a jury of first degree criminal sexual conduct, second degree criminal sexual conduct, and third degree child abuse (R & R, Dkt 27 at 8). The trial court sentenced Petitioner to a prison term of nineteen years and six months to fifty years for the first

degree criminal sexual conduct conviction and lesser terms of imprisonment for the other convictions (*id.*).

## I. Claims Raised on Direct Appeal

As a threshold matter, Petitioner appears to take issue with the Magistrate Judge's summary of the relevant testimony from several individuals who testified at Petitioner's jury trial and various witnesses' credibility (Pet'r Obj., Dkt 30 at 1-4). However, Petitioner generally provides no record citations for his additional facts or purported testimony, and he fails to point to any discrepancies that affect the analysis or the outcome in Petitioner's habeas case. Accordingly, the Court finds no basis for rejecting the trial testimony summarized in the R & R.

### A. Other Bad Acts Evidence

Petitioner objects to the Magistrate Judge's conclusion that the trial court's admission of evidence of prior bad acts does not entitle Petitioner to habeas relief (Pet'r Obj., Dkt 30 at 4; R & R, Dkt 27 at 16-17). Petitioner argues that the Magistrate Judge failed to consider that the case filed against him based on the allegations that he had sexually assaulted Candice George was dismissed (Pet'r Obj., Dkt 30 at 1, 4-6). Even if the Magistrate Judge failed to consider the dismissal of this case, for the reasons stated in the R & R, the Magistrate Judge correctly concluded that Petitioner is not entitled to habeas relief based on the admission of evidence of prior bad acts (R & R, Dkt 27 at 15-17). *See Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003) ("There is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence.").

**B. Ineffective Assistance of Trial Counsel and Prosecutorial Misconduct**

Petitioner next objects to the Magistrate Judge's conclusion that "[b]ecause [Shawn] Smith's testimony was admissible, Petitioner's [trial] counsel could not have been ineffective for failing to object to such" (R & R, Dkt 27 at 24). Petitioner argues that Smith's testimony was inadmissible under MICH. COMP. LAWS § 768.27a because the "alleged incident took place on 3-10-93, [while Smith's] D.O.B. is 8/26/74, making her 18 years old at the time of the alleged incident" (Pet'r Obj., Dkt 30 at 7). Petitioner argues that as a result, "Smith's testimony was not admissible under Michigan law," and trial counsel's "failure to investigate the age of [Smith] at the time of the alleged incident amounted to incompetence under any prevailing professional norms" (*id.*). Petitioner's argument, however, is without merit.

Smith testified at trial that she was fifteen or sixteen at the time she was sexually assaulted by Petitioner (Trial Tr., April 1, 2008, Dkt 15 at 182). Moreover, Smith testified that Petitioner had assaulted her "[p]robably about five or six times" over a period of "probably over a year" and when Smith "had had enough of it [she called] the police" (*id.* at 182, 184). Even if the alleged incident that caused Smith to call the police occurred in March of 1993, Smith testified that Petitioner had assaulted her several times before over a period "of over a year," which would include time before Smith turned eighteen (Pet'r Obj., Dkt 30 at 7; Trial Tr., April 1, 2008, Dkt 15 at 184). Thus, Petitioner's argument is unsupported by the record. The Magistrate Judge properly concluded that Petitioner's trial counsel could not have been ineffective for failing to object to Smith's testimony because it was admissible under MICH. COMP. LAWS § 768.27a (R & R, Dkt 27 at 24).

Petitioner also appears to argue that the prosecutor engaged in misconduct because "[t]he Prosecutor knew that the testimony being given by [] Smith was not admissible under MCL 768.27a,

3

and the prosecutor still ambushed the petitioner with said testimony. The prosecutor's conduct so infected the petitioner'[s] trial with 'unfairness' and made the resulting conviction a denial of Due Process" (Pet'r Obj., Dkt 30 at 7). For the reasons stated above and in the R & R concerning admissibility of the evidence, Petitioner's argument is without merit, and he raises no issue upon which habeas relief may be granted (*see* R & R, Dkt 27 at 17-22, 25).

## II. Claims Raised in Post-Conviction Motion for Relief from Judgment

### A. Sufficiency of the Evidence

Petitioner objects to the Magistrate Judge's conclusion that there is no merit to Petitioner's claim that there was insufficient evidence to convict him of first degree criminal sexual conduct or second degree criminal sexual conduct (Pet'r Obj., Dkt 30 at 8; R & R, Dkt 27 at 26). First, Petitioner argues that because the victim changed her story as to the alleged events, "[t]here is no way a reasonable trier of fact could find the evidence sufficient to meet the charges against the petitioner" (Pet'r Obj., Dkt 30 at 8). Similarly, Petitioner argues that the case against him was entirely circumstantial, because there was no physical evidence that a sexual assault ever occurred (*id.* at 9). However, Petitioner's objection essentially reiterates the same argument he presented in his petition. Petitioner's objection fails to demonstrate any factual or legal error in the Magistrate Judge's analysis, only Petitioner's dissatisfaction with, and general objection to, the Magistrate Judge's recommendation. *See* W.D. Mich. LCivR 72.3(b) (requiring an objecting party to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections").

Second, Petitioner argues that a videotaped forensic interview produced by the prosecution at sentencing was "not sufficient as it was never introduced during the petitioner[']s trial" (Pet'r

Obj., Dkt 30 at 9). As noted by Petitioner, this evidence was not introduced at trial, and therefore, was not considered by the jury when determining its verdict. As a result, this evidence is irrelevant to the question of whether the evidence was sufficient to convict Petitioner of first degree criminal sexual conduct or second degree criminal sexual conduct.

Lastly, Petitioner argues that the victim:

> stated that these acts took place in Allegan and Van Buren Counties, but she could not tell what took place where, but was allowed to testify to all these acts, and therefore the verdict by the juror [sic] was not based upon sufficient evidence, as the jury could not have jurisdiction over anything that would have taken place in Van Buren County.

(Pet'r Obj., Dkt 30 at 9). However, even assuming, without deciding, Petitioner's argument has legal merit, it is not supported by the record. At trial, the victim testified that the alleged molestation occurred in Martin, which is located in Allegan County (Trial Tr., April 1, 2008, Dkt 15 at 167). In fact, the victim testified that the abuse ceased when the family moved to Gobles, which is located in Van Buren County (*id.* at 152). Thus, Petitioner's argument fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion and his objection is denied.

**B. Sufficiency of the Charging Document**

Next, Petitioner objects to the Magistrate Judge's conclusion that Petitioner's challenge to the sufficiency of the charging document did not constitute a Due Process violation (Pet'r Obj., Dkt 30 at 10; R & R, Dkt 27 at 28-29). Petitioner's objection primarily reiterates the arguments presented in his petition with the additional argument that the charging document alleges that all the alleged acts occurred in Allegan County, but "[d]uring pre-trial and trial it was alleged that some of the acts occurred in Van Buren County . . . making it impossible to tell if the jury found [P]etitioner guilty of acts committed in Allegan County [] or Van Buren County" (Pet'r Obj., Dkt

5

30 at 11). Petitioner's objection fails to demonstrate any factual or legal error in the Magistrate Judge's analysis concerning the arguments he raised in his habeas petition. *See* W.D. Mich. LCivR 72.3(b). Additionally, for the reasons stated above, Petitioner's argument concerning the county in which the alleged acts occurred is without merit.

### C. Prosecutorial Misconduct

Petitioner objects to the Magistrate Judge's conclusion that comments made by the prosecuting attorney during closing arguments were not improper (Pet'r Obj., Dkt 30 at 12**;** R & R, Dkt 27 at 34). However, Petitioner's objection merely reiterates the argument presented in his petition, and as above, is properly denied. *See* W.D. Mich. LCivR 72.3(b).

### D. Ineffective Assistance of Trial Counsel

Petitioner next objects to the Magistrate Judge's conclusion that Petitioner is not entitled to habeas relief due to the ineffective assistance of trial counsel (Pet'r Obj., Dkt 30 at 13; R & R, Dkt 27 at 35). Petitioner argues that his trial counsel's failure to obtain the services of an expert in sexual abuse constitutes ineffective assistance (Pet'r Obj., Dkt 30 at 13). However, again, Petitioner's objection essentially reiterates the argument presented in his petition. Petitioner's objection fails to demonstrate any factual or legal error in the Magistrate Judge's analysis. Thus, Petitioner's objection is properly denied. *See* W.D. Mich. LCivR 72.3(b).

### E. Sentencing Guidelines

In addition, Petitioner objects to the Magistrate Judge's conclusion that Petitioner's sentence did not violate Petitioner's rights under the Sixth Amendment or *Blakely v. Washington*, 542 U.S. 296 (2004) (Pet'r Obj., Dkt 30 at 14; R & R, Dkt 27 at 39). In his initial objections, Petitioner's cursory argument fails to point to any factual or legal error in the Magistrate Judge's analysis. In

his supplemental objection, Petitioner argues that he is entitled to relief pursuant to *People v. Lockridge*, No. 149073, 2015 WL 4562293 (Mich. July 29, 2015) (Pet'r Supp'l Obj., Dkt 31 at 1).

In *Lockridge*, the Michigan Supreme Court held that Michigan's sentencing guidelines violate the Sixth Amendment right to a jury trial to the extent that they permit judicial fact-finding to increase the minimum of the sentencing range.[1] *Id.* However, even if *Lockridge* affects Petitioner's claims pertaining to his sentence, this Court will continue to follow federal precedent, which holds that Michigan's indeterminate sentencing scheme does not violate the Sixth Amendment.[2] *Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009). Thus, Petitioner's objection is denied.

**F. Separate Trials**

Petitioner also objects to the Magistrate Judge's finding that "even if it is assumed that joinder of the charges in this matter was improper, any error was harmless in light of the judge's instructions to the jury" (Pet'r Obj., Dkt 30 at 14; R & R Dkt 27 at 42). Again, however, Petitioner's objection essentially reiterates the argument presented in his petition. Petitioner's objection fails to demonstrate any factual or legal error in the Magistrate Judge's analysis. *See* W.D. Mich. LCivR 72.3(b). Accordingly, Petitioner's objection is properly denied.

---

[1] However, the court held that the remedy for "[w]hen a defendant's sentence is calculated using a guidelines minimum sentence range" based on "facts not admitted by the defendant or found beyond a reasonable doubt by the jury" is to make the guidelines advisory only and the court may "depart from that guidelines range without articulating substantial and compelling reasons for doing so." *Lockridge*, 2015 WL 4562293 (footnote omitted). "A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *Id.*

[2] In addition, because *Lockridge* was decided after Petitioner was sentenced, its holding cannot constitute "clearly established Federal law." Therefore, Petitioner is not entitled to habeas relief under to 28 U.S.C. 2254(d)(1).

### G. Ineffective Assistance of Appellate Counsel

Finally, Petitioner objects to the Magistrate Judge's conclusion that Petitioner's claim of ineffective appellate counsel is without merit (Pet'r Obj., Dkt 30 at 15; R & R, Dkt 27 at 42). Petitioner's objection, however, essentially reiterates the argument presented in his petition and points to no factual or legal error in the Magistrate Judge's analysis. Accordingly, Petitioner's objection is properly denied. *See* W.D. Mich. LCivR 72.3(b).

### III. Certificate of Appealability

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. A certificate of appealability will therefore be denied.

Accordingly:

**THEREFORE, IT IS ORDERED** that the objections (Dkts 30, 31) are DENIED and the

Report and Recommendation of the Magistrate Judge (Dkt 27) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (Dkt 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.

Dated: October  8 , 2015

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge